**FILED**

JAN - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

1

2

3

4  **DANIEL J. LEVITAN,**
   Reg. No. 22977-037
5  Federal Prison Camp
6  601 McDonough Boulevard, SE
   P.O. Box 150160
7  Atlanta, GA 30315-0160;
   **PAMELA T. MAY,** Next of Friend
8  DANIEL J. LEVITAN,
   1257 Greystone Lane
9  Pensacola, FL  32514
   850/477-5674;
10 **JOHN L. PHILLIPS,**
   Reg. No. 10527-075
11 Federal Prison Camp
12 601 McDonough Boulevard, SE
   P.O. Box 150160
13 Atlanta, GA 30315-0160,

14                    Plaintiffs,

15      vs.

16

17 **ALBERTO GONZALES,** Attorney General,
   U.S. DEPARTMENT OF JUSTICE,
   10TH & Constitution Avenue, NW
18 Washington, D.C. 20530;
   **HARLEY G. LAPPIN,** Director,
19 Federal Bureau of Prisons,
   320 First Street, NW
20 HOLC Building
   Washington, D.C.  20534;
21 **R.E. HOLT,** Regional Director,
22 Federal Bureau of Prisons
   Southeast Regional Director
23 Building 2000
   3800 Camp Creek Parkway, SW
24 Atlanta, GA  30331-6226;

25

CASE NUMBER  1:06CV00031

JUDGE: Gladys Kessler

DECK TYPE: Pro se General Civil

DATE STAMP: 01/9/2006

Case No.:

- 1 -

**MICHAEL A. ZENK,** Warden,
Federal Prison Camp—USP—Atlanta
601 McDonough Boulevard, SE
P.O. Box 150160
Atlanta, GA 30315-0160;
**THREE UNKNOWN NAMED**
**EMPLOYEES OF THE FEDERAL**
**BUREAU OF PRISONS FOOD SERVICE**
**PROGRAM REVIEW TEAM OF 2005,**
Federal Bureau of Prisons,
320 First Street, NW
HOLC Building
Washington, D.C. 20534;
**THREE UNKNOWN NAMED**
**EMPLOYEES OF THE FEDERAL**
**BUREAU OF PRISONS MECHANICAL**
**SERVICES DEPARTMENT,**
Federal Bureau of Prisons,
Federal Prison Camp
601 McDonough Boulevard, SE
P.O. Box 150160
Atlanta, GA 30315-01;

           Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, DANIEL J. LEVITAN, PAMELA T. MAY, Next of Friend for Daniel J. Levitan, and JOHN L. PHILLIPS, hereby file this their Complaint for Declaratory Judgment and allege as follows:

**I.**     **PARTIES**

1.    Daniel J. Levitan, is a citizen and subject of the State of Florida, United States of America, currently confined to the Federal Prison Camp, Atlanta, Georgia.

2.    Pamela T. May is a citizen and subject of the State of Florida, United States of America, and is Next of Friend for Daniel J. Levitan.

- 2 -

3.    John L. Phillips, is a citizen and subject of the State of Tennessee, United States of America, currently confined to the Federal Prison Camp, Atlanta, Georgia.

4.    Alberto Gonzales, is the Attorney General of the United States of America, and is charged with and has accepted the duty and responsibility of control and management of Federal penal and correctional institutions, classification of inmates; and to provide for the proper government, discipline, treatment, care, rehabilitation, and reformation of inmates entrusted to him pursuant to Title 18 U.S.C. §4001, 4042, and the Constitution of the United States.

5.    Harley G. Lappin, is the Director of the Federal Bureau of Prisons, appointed by the Attorney General pursuant to Title 18 U.S.C. §4001(b)(1); serving directly under the Attorney General under Title 18 U.S.C. §4041, 4042, and is responsible and has accepted the duties for providing suitable quarters, safekeeping, care, and subsistence of all persons convicted of offenses against the United States and to safely confine offenders pursuant to the Constitution of the United States.

6.    R.E. Holt, is the Southeast Regional Director of the Federal Bureau of Prisons, appointed pursuant to Title 18 U.S.C. §4041, and is responsible and has accepted the duty for the correctional facilities within the Southeast Region as defined under 28 C.F.R. §503.4, responsible for providing suitable quarters, safekeeping, care, and subsistence of all persons convicted of offenses against the United States and to safely confine offenders pursuant to the Constitution of the United States.

7.    Michael A. Zenk, is the Warden of the Federal Prison Camp, Satellite to the U.S. Penitentiary, Atlanta, Georgia, responsible for the daily operations, activities of the facility entrusted to his care pursuant to Title 18 U.S.C. §4042; and is charged with and has

- 3 -

accepted the responsibility of the management and regulation of the facility to provide suitable quarters, safekeeping, care, and subsistence of all persons convicted of offenses against the United States and to safely confine offenders under the law and Constitution of the United States.

8.      Three Unknown Named Employees of the Federal Bureau of Prisons Food Service Program Review Team of 2005, were charged with and accepted the duty to audit and inspect the Food Service operation at the Federal Prison Camp, USP-Atlanta, Georgia, and to audit all books, records, operations, safekeeping of food, and preparation of food to insure that the food service operation is complying with regulation 28 C.F.R. §547.20; BOP, Program Statement, §4700.04, Hazard Analysis Critical Control Points (HACCP), inclusive of operation of equipment to properly refrigerate, and prepare food to be served in a safe manner, pursuant to Title 18 U.S.C. §4042(a)(2) and the Constitution of the United States.

9.      Three Unknown Named Employees of the Federal Bureau of Prisons Mechanical Services Department, are charged with and have accepted the duty of insuring that equipment used in the operation of the Federal Prison Camp, and/or U.S. Penitentiary, Atlanta, Georgia, is properly functioning, to provide repairs and/or preventive maintenance for equipment used in the Food Service Department; and to truthfully and accurately prepare documentation of those repairs or maintenance within provisions of law, regulation, policy and the Constitution of the United States.

II.      **JURISDICTION AND VENUE**

10.      Jurisdiction is founded pursuant to the Eighth Amendment of the United States Constitution.

11.    Jurisdiction is founded pursuant to Title 28 U.S.C. §2201, et. seq., Declaratory Judgment Act.

12.    Jurisdiction is founded pursuant to Title 28 U.S.C. §1331, 1361, 1367.

13.    Jurisdiction is founded pursuant to Title 28 U.S.C. §2674, et. seq., Federal Tort Claims Act.

14.    Venue is Proper pursuant to Title 28 U.S.C. §1391(a).

III.    **FACTUAL ALLEGATIONS**

A.    **Food Poisoning**

15.    On or about September 5, 2005, plaintiffs began experiencing nausea, cramps, severe stomach pain, and illness.

16.    Other unknown named inmates housed at the Federal Prison Camp, experienced symptoms similar to those experienced by the plaintiffs.

17.    Plaintiff John L. Phillips ("PHILLIPS") on or about September 5, 2005, was housed in the DCU section of the U.S. Penitentiary, Atlanta, Georgia, but designated to the Satellite Camp minimum security facility.

18.    On or about June 2005, Three Unknown Named Employees of the Federal Bureau of Prisons Program Review Team of 2005 ("TEAM") were charged and accepted the duty of reviewing and auditing the food service department in the Federal Prison Camp, and the U.S. Penitentiary, Atlanta, Georgia, to insure that the refrigeration and the cooking equipment operated properly in order to store, and prepare food in a safe manner, free of harmful bacterial contamination inclusive of pathogens to serve to the inmate population, pursuant National policies.

- 5 -

19.    Major equipment malfunctions, such as refrigeration not working within acceptable food safety parameters as provided by Hazard Analysis Critical Control Point ("HACCP") and safe food handling guidelines, the Team issued passing grades to defendant facilities even though refrigeration units were in disrepair.

20.    The Team had first hand knowledge of the equipment failure by viewing the temperature control logs maintained daily by the defendants.

21.    Three Unknown Employees of the Federal Bureau of Prisons Mechanical Services Department have been given notice on many occasions by food service personnel that equipment was in disrepair, needed maintenance, and was jeopardizing inmate and staff safety due to malfunctioning refrigeration units, and preparation equipment not being in working order; these employees ("MECHANICAL SERVICES") prepared Government documents that indicate equipment had been repaired or that preventive maintenance had been performed when that repair or maintenance had not been completed; to make it appear that the equipment was repaired.

22.    Mechanical Services has on many occasions over a six (6) month period or longer beginning on or about March 2005, has been notified by documentation that equipment needed repair, and that the equipment was vital to food safety.

23.    Defendants have been put on notice on three previous occasions when the duty officer of the institution prepared in his/her report the facts of various equipment being in disrepair, and that the equipment disrepair in food service jeopardized the health and welfare of inmates and staff; this report is prepared weekly for the Defendants, Zenk and Holt.

- 6 -

24.    Defendant Zenk has been notified by food service personnel and inmates that major equipment in the food service department is in disrepair and threatens the safety of the food being served on a daily basis to both inmates and staff.

25.    Defendants, Holt and Lappin, have been put on notice previously that major equipment inclusive of refrigeration and preparation equipment is in disrepair and jeopardizes inmate and staff safety, and that HACCP areas have been compromised due to the equipment breakdown.

26.    Plaintiff Daniel J. Levitan ("LEVITAN") on or about October 2004, was housed in the DCU section of the U.S. Penitentiary Atlanta, Georgia.

27.    Plaintiffs Levitan and Phillips while confined to the DCU facility were crowded into cells designed for a maximum of two inmates; plaintiffs were housed in a cell with three, four, and five inmates per cell, made to sleep on dirt and bacteria laden mattresses, cells infested with insects and vermin without being able to otherwise move from these cells.

28.    Plaintiff while confined to the DCU area having fallen sick was refused medical treatment as he had complained too much of the pain to the attending health services personnel on duty.

29.    Plaintiffs Levitan and Phillips experienced and suffered illness as the food fed to them on September 5, 2005, had been improperly refrigerated.

30.    Mechanical Services has been advised orally and in writing of the various broken food services equipment; has been advised of the needed preventive maintenance; but have advised staff and inmates that they do not desire to fix the equipment; notwithstanding inmates' having urged the Mechanical Services to repair broken equipment and complete preventive maintenance.

- 7 -

31.     After plaintiffs had been poisoned by the food which was improperly refrigerated, due to broken equipment, both plaintiffs experienced cramping, vomiting, and sickness.

32.     On or about September 2, 2005, chicken was ordered by both the Prison Camp and the U.S. Penitentiary from the Central Food Service Warehouse; the poultry was pulled from the Central Food Warehouse stored for delivery and loaded onto open air delivery vehicles, until approximately 12:00 p.m. when it was moved to the Prison Camp and to the U.S. Penitentiary. The outside temperature that the chicken was exposed to was in excess of 90°F. The poultry was not moved to a cooler at the Prison Camp until 4:00 p.m.; when the poultry was moved to a cooler, which had a temperature of approximately 55°F., it remained in that cooler for the next 72 hours, as the freezer unit had not been in proper operation for over six (6) months or longer.

33.     The poultry was infected with disease causing harmful bacteria or pathogens; these pathogens did not necessarily leave detectable odors or tastes in the food, and the only way to have protected against this contamination was to have the proper refrigeration and preparation equipment.

34.     As a further contributing factor and most critical in the contamination process, was the fact that the refrigeration in both the camp facility and the USP facility had not been properly working for some six months; Mechanical Services did not act upon numerous work requests, memorandums, reports, and calls for repair; new refrigeration equipment had been sitting on the back dock of the Camp food service department for over one year uninstalled and in the original crates; as Mechanical Services did not install the equipment.

- 8 -

## B.    Overcrowding of DCU

35.    Untold number of inmates are being held in the DCU unit of the USP on a daily basis crammed into cells and made to sleep on floors.

36.    Overcrowding in this facility is being done purposefully; creates and jeopardizes health and safety of inmates housed in these chambers; which are infested with rats and mice; inmates must use "rat blockers" to prevent the rats and mice from entering the cells at night spreading disease and bacteria that has made inmates sick and have infested items of food from feces of insects and vermin.

37.    Defendants Holt, Zenk, and Lappin have been advised of these conditions inmates are subjected to, and have not issued appropriate corrective instructions to staff to cure the deficiencies.

38.    Defendants Holt, Zenk, and Lappin continue to purposefully overcrowd these cells as the management of the inmate population is planned in advance of the inmates' arrival; capacity of the institution is accounted for daily through count procedures, and Defendants Zenk, Holt, and Lappin have been apprised of the overcrowding and have continued to allow the housing of three, four and five inmates to a cell who are made to sleep under urinals, sinks and other bunks.

39.    Defendant Lappin has traveled from Washington D.C. on a number of occasions, and inspected the facility; has allowed the Defendants Holt and Zenk to continue to overcrowd these cells which provide for an area of living space equal to 15 square feet; that being a 3' x 5' area for the inmate to sit on a floor, under a bunk or under a sink or urinal, only to be let out when the staff member on duty so desires.

-9-

40.    Inmates are forced to live in a 15 square foot living area and made to sleep in this small space; when three inmates are forced into a cell, the third inmate must sleep on the floor nearest the door where rats enter cells, or under the sink; when four inmates are made to sleep in a cell, two inmates must sleep the floor, one under the bunk while the other must lie down horizontally under the sink and urinal; when five inmates are forced into a cell, three inmates are made to sleep on the floor, under a bunk, under the urinal, under the sink, and up against the door.

41.    When inmates are forced into these cells they are made to eat, drink, wash their own clothes without proper laundry facilities, use the bathroom in the cell, allowing urine and waste to contaminate other inmates.

42.    Defendants and their personnel have used means of intimidation and threats against inmates, if inmates dare complain of these facilities and procedures.  Intimidating statements such as "would you rather be in DCU" are regularly used; staff subject inmates to DCU confinement even though the inmate may have been ordered released from DCU as a means and manner of retribution against inmates.

43.    Defendant Lappin has been notified; by personal inspection, has assessed the conditions of the facility and approved of the manner and means that it is used; while Defendants Holt and Zenk have regular direct access to the DCU facility and to the food service area, have approved of the refrigeration disrepair as Defendant Zenk has a report prepared by his duty officer weekly of the broken food service equipment problems and has not acted to take corrective action at any level.

## COUNT I
## CRUEL AND UNUSUAL PUNISHMENT
## VIOLATION OF EIGHTH AMENDMENT
## REQUEST FOR DECLARATORY RELIEF

44.    Paragraphs 1-43 are hereby incorporated by reference herein as is set forth at length.

45.    Defendants Gonzales, Lappin, Holt, and Zenk have subjected plaintiffs to conditions of confinement that do not meet minimum safe requirements under the U.S. Constitution or under American Correctional Association (ACA) guidelines; are directly and/or indirectly responsible for the purposeful overcrowding; subjecting plaintiffs to cruel and unusual punishments by exposing them to infestation of insects, rats, mice; being too close in proximity to waste facilities when overcrowded as to have feces and/or urine spilled upon them; to be required to wash clothing in the cells without proper laundry facilities; not being allowed adequate exercise periods; and exposing plaintiffs to punishments that other inmates similarly situated are not subjected to; nor subject of as a means of confinement; and therefore as a direct and/or proximate result, plaintiffs demand judgment against defendants declaring these conditions of confinement to be unconstitutional.

## COUNT II
## CRUEL AND UNUSUAL PUNISHMENT
## VIOLATION OF EIGHTH AMENDMENT PURSUANT TO THE AUTHORITY
## OF BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF
## NARCOTICS 403 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999 (1971)

46.    Paragraphs 1-45 are hereby incorporated by reference herein as if set forth at length.

47.    Defendants Lappin, Holt, and Zenk have deprived the plaintiffs of the protections of the Eighth Amendment to the U.S. Constitution by their direct and/or

- 11 -

proximate actions in refusing and/or failing to correct conditions that made housing plaintiffs

in the facilities unsafe and hazardous, housing that was not part of the sentence of

imprisonment imposed upon them; defendants have acted with impugnity and reckless

disregard for inmate health and welfare; as a result of defendants having acted with disregard

for protections of the U.S. Constitution, while under the color of their authority are liable to

plaintiffs, for physical harms, personal injuries sustained while forced to live in squalid

conditions; defendants have used means and devices through their personnel to employ ruses

to make it appear that plaintiffs are being housed under constitutional conditions, when

plaintiffs are not housed under adequate, or constitutionally mandated guidelines and

therefore defendants Lappin, Holt, and Zenk are liable to plaintiffs; and wherefore plaintiffs

demand judgment against defendants for damages, attorneys fees, and costs in excess of

Seventy-Five Thousand Dollars ($75,000.00) against defendants, severally and jointly.

### COUNT III
### CRUEL AND UNUSUAL PUNISHMENT
### VIOLATION OF THE EIGHTH AMENDMENT PURSUANT TO THE AUTHORITY OF BIVENS v. UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS 403 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999 (1971)

48.    Paragraphs 1-47 are hereby incorporated by reference herein as if set forth at

length.

49.    Defendants Three Unknown Named Employees of the Federal Bureau of

Prisons Mechanical Services Department, and Defendants Three Unknown Named

Employees of the Federal Bureau of Prisons Food Service Program Review Team of 2005,

have deprived plaintiffs of the protections of the Eighth Amendment to the U.S. Constitution

by their direct and proximate action in refusing and/or failing to do their duty under the color

of authority in failing and/or refusing to effect repairs on refrigeration equipment, and

- 12 -

preparation equipment that has inflicted illness and sickness upon plaintiffs by failing and/or

refusing to accurately audit and review food service equipment for proper operations,

jeopardizing the plaintiffs health and welfare and therefore defendants are liable to plaintiffs;

and wherefore plaintiffs demand judgment against defendants for damages, attorneys fees and

costs in excess of Seventy-Five Thousand Dollars ($75,000.00) against defendants, severally

and jointly.

### COUNT IV
### FAILURE TO COMPLETE AN AFFIRMATIVE DUTY
### REQUEST FOR DECLARTORY RELIEF IN THE FORM OF A
### MANDAMUS TO COMPEL

50.    Paragraphs 1-49 are hereby incorporated by reference herein as if set forth at

length.

50.    Defendants Gonzales, Lappin, Holt, Zenk, and Three Unknown Named

Employees of the Federal Bureau of Prisons Mechanical Services Department, have refused

and/or failed to do their affirmative duty as provided under Title 28 U.S.C. §4042, BOP

regulation, rule and policy; have negligently, and willfully combined, or conspired to subject

inmates to overcrowding; jeopardized inmates lives subject to the purposeful overcrowding;

jeopardized inmates and staff lives for refusing and/or failing to direct and effect repairs on

food service refrigeration equipment, which was a direct and/or proximate cause of illness

incurred plaintiffs; and wherefore plaintiffs demand judgment against defendants, a

mandamus against defendants directing the immediate repair of food holding and preparation

equipment; the transfer of inmates overcrowded in the DCU facility to other BOP facilities;

and an order directing defendants not to purposefully and/or indirectly exact punitive

measures against plaintiffs for having filed this action; declaring the defendants actions

unlawful; and directing defendants to do their duty.

## COUNT V
### REQUEST FOR JUDGMENT PLAINTIFF LEVITAN
### FEDERAL TORT CLAIMS ACT 28 U.S.C. §2674, et. seq.

52.    Paragraphs 1-51 are hereby incorporated by reference herein as if set forth at

length.

53.    Defendants Zenk and Three Unknown Named Employees of the Federal Bureau

of Prisons Mechanical Services Department, Three Unknown Named Employees of the

Federal Bureau of Prisons Food Service Program Review Team of 2005, are directly and/or

indirectly responsible for negligence, or otherwise refusal to perform an affirmative duty to

repair food service equipment that has caused injury to the plaintiffs; as a direct and/or

proximate result of that refusal or negligence defendants are jointly and severally liable to

plaintiffs for damages, costs of suit and attorneys fees, as a direct and/or proximate result of

the defendants actions and/or inactions, Plaintiff Levitan demands judgment in an amount

greater than Seventy-Five Thousand Dollars ($75,000.00)

## COUNT VI
### REQUEST FOR JUDGMENT PLAINTIFF PHILLIPS
### FEDERAL TORT CLAIMS ACT 28 U.S.C. §2674, et. seq.

54.    Paragraphs 1-53 are hereby incorporated by reference herein as if set forth at

length.

55.    Defendants Zenk and Three Unknown Named Employees of the Federal Bureau

of Prisons Mechanical Services Department, Three Unknown Named Employees of the

Federal Bureau of Prisons Food Service Program Review Team of 2005, are directly and/or

- 14 -

indirectly responsible for negligence, or otherwise refusal to perform an affirmative duty to

repair food service equipment that has caused injury to the plaintiffs; as a direct and/or

proximate result of that refusal or negligence defendants are jointly and severally liable to

plaintiffs for damages, costs of suit and attorneys fees, as a direct and/or proximate result of

the defendants actions and/or inactions, Plaintiff Phillips demands judgment an amount

greater than Seventy-Five Thousand Dollars ($75,000.00).

### NO OTHER AVAILABLE ADEQUATE REMEDY AT LAW

Plaintiffs have no other available or adequate remedy at law in order to adjudicate their

claims and demand judgment against defendants as set forth herein.

Respectfully submitted,

**DANIEL J. LEVITAN**
Reg. No. 22977-037
Federal Prison Camp
601 McDonough Boulevard, SE
P.O. Box 150160
Atlanta, GA 30315-0160

Dated: 11/20/05

DANIEL J. LEVITAN

**PAMELA T. MAY**
Next of Friend DANIEL J. LEVITAN
1257 Greystone Lane
Pensacola, FL 32514
850/477-5674

Dated: 11/20/05

PAMELA T. MAY

- 15 -

**JOHN L. PHILLIPS**
Reg. No. 10527-075
Federal Prison Camp
601 McDonough Boulevard, SE
P.O. Box 150160
Atlanta, GA 30315-0160

Dated: _11/28/05_

_John L. Phillips_
JOHN L. PHILLIPS

## VERIFICATION OF COMPLAINT

I HEREBY CERTIFY under the penalties provided for perjury that the foregoing is true and correct under the provisions of Title 28 U.S.C. §1746.

Executed: _11/28/05_

DANIEL J. LEVITAN

Executed: _11/28/04_

_John L. Phillips_
JOHN L. PHILLIPS

## VERIFICATION TO ACT AS NEXT OF FRIEND FOR DANIEL J. LEVITAN

I HEREBY CERTIFY under the penalties prescribed for perjury that I am authorized by Daniel J. Levitan to act on his behalf and stead as his attorney-in-fact in the event he is personally unable to act in this action stated under the provisions of Title 28 U.S.C. §1746, at Escambia County, Pensacola, Florida.

Executed: _11/28/05_

PAMELA T. MAY

- 16 -